UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
SHAWN LINDSTROM and DOREEN
LINDSTROM,

                Plaintiffs,

- against –

TRANSERVICE LOGISTICS INC.,
PENSKE TRUCK LEASING CORPORATION,
GATES EQUIPMENT SERVICES, LLC,
LONE STAR TRANSPORTATION, LLC,
FEDEX GROUND PACKAGE SYSTEM INC.,
TRANSCOM EXPRESS, LLC,
TRANSCOM DELIVERY LLC,
ALFRED D. KINNICK,
SOLOMON GARRETT,
OMAR PLACENCIO-CORREA,
SHOTA MANVELIDZE, and
JOSE L. PEREZ,

                Defendants.
-----------------------------------------------------------x

MEMORANDUM AND ORDER
17-CV-6988

GLASSER, Senior United States District Judge:

        Plaintiffs Shawn Lindstrom and Doreen Lindstrom ("Plaintiffs") bring negligence and loss-of-consortium claims related to a multi-vehicle automobile accident that occurred on Interstate 78 in February 2016. On January 31, 2018, the Court issued an order directing Plaintiffs to show cause why this case should not be dismissed for lack of subject-matter jurisdiction, noting that complete diversity is lacking and that federal-question jurisdiction appeared not to exist. ECF No. 11. The order directed Plaintiffs to show cause within twenty-one days—i.e., on or before February 21, 2018. On that date, rather than respond to the order to show cause, Plaintiffs instead filed a letter requesting that the action be transferred to the Middle District of Pennsylvania. ECF No. 18. That request is denied, and this action is dismissed for lack of subject-matter jurisdiction.

1

## BACKGROUND

On February 13, 2016, Shawn Lindstrom was severely injured in a multi-vehicle automobile accident on Interstate 78. *See* ECF No. 1 ("Compl.") ¶¶ 1, 32. Plaintiffs allege that the accident, Shawn Lindstrom's resulting injuries, and Doreen Lindstrom's resulting loss of consortium with her husband were caused by the negligence of the twelve named defendants in this case, the owners and operators of the other vehicles involved in the accident. *See id.* ¶¶ 19-37. As alleged in the complaint, Plaintiffs are both citizens of New York, and so too are two of the defendants, Transervice Logistics Inc. and Shota Manvelidze. Compl. ¶¶ 2-3, 5, 10.

Plaintiffs commenced this action on November 30, 2017. Compl. On January 31, 2018, the Court issued an order directing Plaintiffs to show cause, within twenty-one days from the date of the order, why the case should not be dismissed for lack of subject-matter jurisdiction. ECF No. 11. Exactly twenty-one days later, on February 21, 2018, Plaintiffs filed a letter with the Court requesting that the action be transferred to the Middle District of Pennsylvania, where several cases relating to the same automobile accident are pending. ECF No. 18. Plaintiffs have not responded to the order to show cause.

## DISCUSSION

"Generally speaking, a court lacks power to issue an order in a matter over which the court lacks subject matter jurisdiction." *Leeds, Morelli & Brown, P.C. v. Hernandez*, No. 05-CV-1135, 2005 WL 2148994, at *2 (E.D.N.Y. Sept. 6, 2005). This rule applies no less in cases where, as here, a court is asked merely to transfer an action to a different venue; a court may not issue a transfer order if it lacks subject-matter jurisdiction over the action. *See id.* at *3 ("Since this court lacks subject matter jurisdiction over the instant matter, no order transferring the case may be

issued." (collecting cases)); *see also, e.g., In Suk Chai v. Big Boy Coach, Inc.*, No. 13-CV-746, 2013 WL 5676484, at *2-3 (E.D.N.Y. Oct. 17, 2013) (remanding motor-vehicle negligence case to state court—and declining to consider a motion to transfer venue—upon concluding that subject-matter jurisdiction was lacking). The rule plainly applies here.

The Court need not belabor the jurisdictional analysis, which is straightforward. It is hornbook law that, in general, a federal court has subject-matter jurisdiction over a case only if (i) diversity of citizenship between the parties exists and the matter in controversy exceeds $75,000 or (ii) the case "arises under the Constitution, laws, or treaties of the United States."[1] 28 U.S.C. §§ 1331-1332. Here, diversity jurisdiction does not exist, because complete diversity is lacking: As pled in the complaint, at least two of the defendants are, like Plaintiffs, citizens of New York. *See* Compl." ¶¶ 2-3, 5, 10. The Court has federal-question jurisdiction if and only if (i) federal law creates the cause of action or (ii) the cause of action, though created by state law, "poses a substantial federal question." *W. 14th St. Commercial Corp. v. 5 W. 14th Owners Corp.*, 815 F.2d 188, 192 (2d Cir. 1987). Neither of these two conditions is satisfied here. Plaintiffs' only asserted causes of action, negligence and loss of consortium, are common-law torts governed by state law, and as pled these state-law claims do not raise any federal questions. Plaintiffs cannot overcome this fundamental deficiency through their citations to the Commerce Clause and a hodgepodge of provisions from title 49 relating to the powers of the Secretary of Transportation. *See* Compl. ¶¶ 16-18. At bottom, this action is an automobile negligence case between non-diverse parties; absent unusual circumstances, it belongs in state court—and no such unusual circumstances have been pled. Accordingly, the Court lacks subject-matter jurisdiction over this action.

---

[1] Federal subject-matter jurisdiction does exist in certain other limited circumstances, none of which apply here. *See, e.g.*, 28 U.S.C. § 1330 (actions against foreign states); *id.* § 1333 (admiralty cases); *id.* § 1346 (actions against the United States).

Having concluded that subject-matter jurisdiction is lacking, the Court declines to address the merits of Plaintiffs' request to transfer this case to the Middle District of Pennsylvania. With no subject-matter jurisdiction, the Court lacks power to issue a transfer order—or any order—and must dismiss the case.

## CONCLUSION

For the foregoing reasons, Plaintiffs' transfer request is denied, and this action is dismissed for lack of subject-matter jurisdiction.

SO ORDERED.

Dated:   Brooklyn, New York
         February 26, 2018

/s/
I. Leo Glasser                                              U.S.D.J.